IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY COTTON,

      Plaintiff,

v.                                   Civil Action No:

                                          Judge

WILLIAMSON COUNTY GOVERNMENT,

      Defendant.                      (Jury Trial Requested)

_____/

## **COMPLAINT**

During the time Plaintiff, Mr. Timothy Cotton ("Mr. Cotton"), was employed by Defendant, Williamson County Government ("Williamson County"), he was discriminated against because of his race, and he was retaliated against when he complained of the ongoing, pervasive discrimination. Mr. Cotton was subject to racially insensitive comments and passed over for promotion multiple times. He complained to his superiors, who failed to provide an environment free of harassment and discrimination and failed to take any steps to prevent or remedy the same. Instead, Williamson County has demonstrated a pattern of retaliatory behavior against Mr. Cotton each time after he complained of the discrimination. When Mr. Cotton filed an EEOC charge, Defendant terminated him from his Judicial Commissioner position. As a result of the ongoing pattern of continuous discrimination and retaliation, Plaintiff was constructively discharged. Mr Cotton brings this complaint for violations of Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act.

## **JURISDICTION AND VENUE**

1.      This is an action for declaratory and monetary relief caused by Defendant's

violations under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA").

2.      This court has jurisdiction over the subject matter of this Complaint, and venue in this Court is proper in Williamson County under 28 U.S.C. § 1391.

3.      Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C.§2000e *et seq.*, to wit: a charge of discrimination against Defendant was filed with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2020, within 300 days of the unlawful employment practice. More than 180 days have passed since the filing of Mr. Cotton's Charge. The EEOC received Mr. Cotton's request for a Notice of Right to Sue for Charge No. 494-2021-00580 on June 2, 2021, and forwarded the request to the U.S. Department of Justice on June 7, 2021.

## PARTIES

4.      Plaintiff, Mr. Tim Cotton, is a black male who was an employee of Williamson County Government.

5.      Defendant Williamson County is a Tennessee governmental entity organized and existing under the laws of the State of Tennessee. At all relevant times, Williamson County employed Plaintiff.

## FACTUAL BACKGROUND

6.      Mr. Cotton has been employed by Williamson County since 1991.

7.      In September 2012, he was appointed as Judicial Magistrate in General Sessions and has been reappointed every four years until his termination on September 3, 2020. Williamson County re-named the Judicial Magistrate position the Judicial Commissioner; the position remained the same.

8.      Mr. Cotton has been the only full-time African American in the department.

9.      Up until Mr. Cotton's termination, no person in the department has not been reappointed as judicial commissioner.

10.     Throughout his employment with Williamson County, Mr. Cotton has been subject to ongoing race discrimination, and was passed over for promotion multiple times due to discrimination and retaliation.

11.     Notably, one of the deciding officials for a supervisor promotion stated that they did not need any "lazy n****rs in the office" regarding Mr. Cotton's 2012 application for promotion. Had it not been for the support from another judge, Mr. Cotton would not have received promotion to Judicial Commissioner in 2021.

12.     Further, in 2014, Judge Andre and Judge Ernie Williams (deceased) sent a memorandum to County Mayor Rogers Anderson and County Attorney Bobby Cook, stating that the Supervising Magistrate's position was being eliminated and they created a Lead Magistrate position, which would be rotate between all Judicial Commissioners, effective 2/17/14 with Marsha Hynes to take the first six-month rotation.

13.     Each candidate was to be paid a higher rate during their rotation as Lead Magistrate.

14.     However, the position never rotated, and Mr. Cotton was never given an opportunity to take on a supervisory role. Marsha Hynes held the position until spring 2016.

15.     In spring 2016, Judge Andre and Judge Taylor reinstated the Supervisor position and appointed Quentin Henderson, a white male.

16.     Since then, Mr. Cotton has been passed over for several other promotions to supervisor roles.

17.     In 2017, Ricky Brown, a white male, who at the time was employed by the county

full time for less than a year, was promoted over Mr. Cotton. Conversely, Mr. Cotton had worked for the county for 26 years and had 23 years of court experience. The Defendant's cited reason Mr. Cotton was not promoted was because of his lack of computer skills, which was not an essential function of the job.

18.     Because of this ongoing discrimination, Mr. Cotton filed his first EEOC charge in April 2018 (494-2018-01798). The EEOC investigation made no finding. Mr. Cotton took no further action and continued his employment. Before filing the 2018 charge, he fulfilled the function of Judicial Commissioner without issue.

19.     In August 2018, a few months after filing his EEOC charge, Mr. Cotton was written up for a prank which was behavior that was part of the department's culture.

20.     Those similarly situated to Mr. Cotton who engaged in the same behavior were not disciplined.

21.     Mr. Cotton had never been written up or counseled preciously before filing his 2018 EEOC complaint. In fact, his reviews had been excellent.

22.     Judge Andre and Taylor told Mr. Cotton in writing that the 2018 horseplay counseling would not result in any adverse action to him as long "as the behavior is not repeated."

23.     Mr. Cotton continued his employment with Williamson County; however, Mr. Cotton was again passed over for a promotion.

24.     In 2019, Tommy Heithcock, a white male, and a lesser qualified individual, was promoted over Mr. Cotton.  The Defendant's cited reason Mr. Cotton was not promoted was because of his lack of leadership skills. The County had  not given Mr. Cotton any opportunity to exhibit leadership skills as it continued to refuse to promote him.

25.     Because Mr. Cotton was again passed over for promotion, on December 6, 2019,

he filed a new EEOC charge (494-2020-00570) ("2019 EEOC charge") alleging race discrimination and retaliation.

26.     In summer of 2020, Tommy Heithcock took leave, and Mr. Cotton once again applied for promotion. Once again the County, selected Zack Beard, a less qualified individual and a younger, white male, was promoted over Mr. Cotton.

27.     On June 2, 2020, Mr. Cotton communicated his confusion and hurt to Judge Andre and Judge Taylor in writing, referencing the general situation and the specific act of not being considered for promotion.

28.     On June 3, 2020, Judge Andre responded to Mr. Cotton and cited the 2018 horseplay incident and alleged sleeping on the job for reasons he was not promoted.

29.     The reasons given for not promoting Mr. Cotton are pretext for discrimination. The 2018 horseplay counseling was addressed two years prior, and Mr. Cotton was told the counseling would not result in any adverse action to him as long "as the behavior is not repeated." Furthermore, the county purchased couches for the magistrate's office for the purpose of sleeping during downtime.

30.     After Mr. Cotton's filing of the 2019 EEOC charge, he was informed that he would not be reappointed to his Magistrate position. Instead, Williamson County offered to reappoint Mr. Cotton temporarily until his retirement date, but only if he withdrew his EEOC charge.

31.     Williamson County presented Mr. Cotton with a contract which stated that if he agreed to release and waive all his claims, that they would reappoint him as a Magistrate Commissioner.

32.     On August 27, 2020, Mr. Cotton met with Judge Taylor and Judge Andre. During this meeting, Judge Taylor told Mr. Cotton that he would be allowed to retire if he "dropped" his

"dispute." To clarify Judge Taylor meant his pending EEOC complaint, Mr. Cotton stated, "are you referring to my EEOC complaint?" To which Judge Taylor responded, "whatever," which Mr. Cotton inferred meant the affirmative.

33. During a training on September 2, 2020, Mr. Heithcock asked Mr. Cotton what he was going to do regarding his position at Williamson County. Mr. Cotton responded and said that he did not know what was in the agreement. Mr. Heithcock told Mr. Cotton to call Judge Taylor the next day.

34. On September 3, 2020, Mr. Cotton had a phone call with Judge Taylor (recorded). Mr. Cotton states, "As far as agreeing to drop the EEOC claims..." Judge Taylor cuts Mr. Cotton off and says, "I can't talk about any of that."

35. After the call, Mr. Cotton went to the office to look at the agreement and noted it was dated September 2, 2020.

36. Mr. Cotton did not accept the agreement or drop his EEOC charge and was terminated as a Judicial Magistrate on September 3, 2020, just six months before his eligibility for retirement.

37. Mr. Cotton later attempted to amend his 2019 charge to include his termination, but the EEOC recommended he file a new charge. Thus, he filed his 2020 Charge, No. 494-2021-00580.

38. After his termination from the Judicial Commissioner position, Mr. Cotton was able to find a job in the County at a lower rate of pay and with lower prestige.

39. Due to the ongoing and continuous discrimination and retaliation, Mr. Cotton was constructively discharged on March 5, 2021.

## Count I
## Race Discrimination- Title VII

40.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

41.     It is a violation of Title VII for employers to discriminate against employees based on race.

42.     Plaintiff was the most-qualified applicant for the promotion to supervisor. Defendant Williamson County failed and refused to promote Plaintiff based on his race, African American.

43.     Defendant took adverse employment actions against Plaintiff in failing and refusing to promote him to supervisor, refusing to allow him to fill-in at the supervisor role, terminating him from the Judicial Commissioner position, and constructively discharging him. Defendant's actions violated Title VII of the Civil Rights Act of 1964.

44.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

45.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

## Count II
## Retaliation- Title VII

46.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

47.     It is the public policy and federal law that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

48.     Contrary to the public policy and federal law, as well as in violation of Title VII, Plaintiff was retaliated against for objecting to and complaining about Defendant's failure to prevent and remedy the racial discrimination taking place in the workplace.

49. This retaliation, including a retaliatory hostile work environment, failure to promote, termination from the Judicial Commissioner role, and constructive discharge, was in retaliation for the exercise of his rights to oppose racial discrimination in the workplace.

50. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

## COUNT III
### (Race Discrimination/Harassment under THRA)

51. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

52. Plaintiff was subjected to a continuing and on-going campaign of race harassment and discrimination in Defendant's workplace because of his race, African American.

53. Plaintiff reported and/or protested incidents of harassment and discrimination to his supervisors and County officials. Defendant failed to remedy and/or prevent race harassment in the workplace.

54. Defendant is vicariously liable for the harassment perpetrated by management and is liable for failing to remedy harassment in the workplace.

55. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical injury, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings, attorney's fees, costs, interest and any other legal and equitable relief to which he may be entitled.

## COUNT IV

**Retaliation under THRA**

56.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

57.     It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

58.     Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under the Tennessee Human Rights Act.

59.     In violation of the THRA, Defendant took adverse employment actions against Plaintiff in failing and refusing to promote him to supervisor, refusing to allow him to fill-in at the supervisor role, terminating him from the Judicial Commissioner position, and constructively discharging him Plaintiff's employment in retaliation for exercising his rights under the THRA.

60.     Defendant retaliated against Plaintiff because of his protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's complaints and protests of race harassment/discrimination in the workplace, Defendant failed to promote Plaintiff, terminated his Judicial Commissioner position, and constructively discharged him for a pretextual reasons.

61.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**RELIEF REQUESTED**

Mr. Cotton respectfully requests:

1.  A jury trial;

2.  Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Attorneys' fees and expenses;

6. Prejudgment interest and, if applicable, post-judgment interest; and

7. Such other and further legal or equitable relief to which he may be entitled under the law.

Respectfully submitted,

COLLINS & HUNTER, PLLC

*/s Heather Moore Collins*
Heather Moore Collins BPR# 026099
Anne Hunter BPR# 022407
Ashley S. Walter BPR #037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com